UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER S. JOHNSON BUILDING
COMPANY,

       Plaintiff,     09-CV-1083A(Sr)

v.

               ORDER

BAGGAGE OR CONTAINER
AUTOMATION, INC.,
LAWRENCE MAJEWSKI and
SHANNON MAJEWSKI,

       Defendants.

---

    Goldberg Segalla LLP moves to withdraw as counsel for defendants. Dkt. #11. In support of the motion, defendants' counsel, Richard A. Braden, Esq., of counsel, submitted a notice of motion to seal the supporting affidavit served upon defendants and a certificate of service of the notice of motion upon opposing counsel. Dkt. ##10 & 12.

    Rule 83.2(b) of the Western District of New York Rules of Civil Procedure provide that:

> An attorney who has appeared as attorney of record for a party may withdraw by permission of the Court for good cause shown, but withdrawal shall be effective only upon order of the Court entered after service of notice of withdrawal on all counsel of record and on the attorney's client, or upon stipulation endorsed by all counsel of record and signed by the Clerk in accordance with Local Rule of Civil Procedure 77.2. An attorney is not required to disclose to other counsel the reason(s) for withdrawal.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320 -321 (2d Cir. 1999), quoting *Brown v. National Survival Games, Inc.*, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994). "When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette*, 2000 WL 1737947, *3 (W.D.N.Y. Nov. 17, 2000). The decision to grant or deny a motion to withdraw as counsel is committed to the discretion of the district court. *Whiting*, 187 F.3d at 320.

Upon review of the affidavit of Richard A. Braden, Esq., in support of the motion to withdraw, I find good cause to permit the withdrawal of Goldberg Segalla LLP as counsel for the defendants.

Accordingly, it is hereby **ORDERED** that:

(1) the motion to seal (Dkt. #10), the affidavit of Richard A. Braden, Esq., in support of the motion to withdraw is **GRANTED**;

(2) the motion of Goldberg Segalla LLP to withdraw as counsel for defendants (Dkt. #11), is **GRANTED**;

(3) the Clerk shall serve a copy of this Order upon defendants Baggage or Container Automation, Inc., Lawrence Majewski, and Shannon Majewski, 270 Bellevue Avenue, #322, Newport, RI 02840, via United States mail; and

(4) Within 60 days of the filing of this Order, defendants Lawrence Majewski and Shannon Majewski are directed to retain new counsel who shall file a notice of appearance or advise the Court that they wish to defend this action *pro se*;

(5) Within 60 days of the filing of this Order, defendant Baggage Or Container Automation, Inc., is directed to retain new counsel[1] who shall file a notice of appearance; and

(6) Defendants are forewarned that their failure to comply with the Court's Order will cause the undersigned to recommend the entry of default judgment against them pursuant to Fed. R. Civ. P. 55.

**SO ORDERED.**

DATED: Buffalo, New York
March 29, 2010

      s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

---

[1] It is well settled that corporations cannot appear *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).