UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

══════════════════════════════════════

WALTER S. JOHNSON BUILDING
   COMPANY, INC.,

                              Plaintiff,

                                                        **DECISION AND ORDER**
                                                         09-CV-1083A

            v.

LAWRENCE MAJEWSKI and
SHANNON MAJEWSKI,

                              Defendants.

══════════════════════════════════════

        On November 12, 2009, plaintiff Walter S. Johnson Building Company, Inc.

filed a complaint against defendants Baggage or Container Automation, Inc.,

Lawrence Majewski, and Shannon Majewski in New York State Supreme Court,

Niagara County.  Plaintiff accused defendants of breach of contract, among other

allegations, and sought damages of $495,736 plus interest and reasonable

attorney fees.  On December 21, 2009, defendants removed the case to this

Court, claiming diversity jurisdiction under 28 U.S.C. § 1332.  When defendants

answered the complaint, the Court referred the case to Magistrate Judge H.

Kenneth Schroeder, Jr., and Magistrate Judge Schroeder issued a case

management order to guide discovery.

        On March 26, 2010, counsel for defendants filed a motion to withdraw from

the case and submitted a supporting affidavit filed under seal.  On March 29,

2010, Magistrate Judge Schroeder issued an order granting the request to withdraw (Dkt. No. 13).  In that order, which was mailed to defendants' last known address, Magistrate Judge Schroeder gave defendants 60 days to retain new counsel or—with respect to the individual defendants—to affirm that they would proceed *pro se*.  Magistrate Judge Schroeder cautioned defendants that failure to comply with the order would lead to a recommendation that this Court enter default judgment against them.

Since Magistrate Judge Schroeder issued his order, defendants have not retained new counsel, have not announced that they will proceed *pro se*, and generally have taken no further actions in this case.  To the extent that defendants are proceeding *pro se*, the docket reflects that they have not complied with Local Civil Rule 5.2(d) requiring them to keep the Court apprised at all times of their current mailing address.  A docket entry dated April 6, 2010 indicates that a copy of Magistrate Judge Schroeder's order was sent to defendants' last known mailing address but returned as undeliverable with no forwarding address.

After 16 months of inactivity, the Court issued an order directing plaintiff to provide an update about the status of the case.  (*See* Dkt. No. 15.)  Specifically, the Court directed plaintiff to advise whether defendants could be located, whether they were sufficiently aware of the current status of the case, and whether default proceedings should commence.  On August 26, 2011, plaintiff filed an update regarding the status of the case. Plaintiff advised that defendants

2

had not contacted it since the withdrawal of counsel in March 2010.  Plaintiff

advised further that the corporate defendant filed for Chapter 7 bankruptcy

protection in the United States Bankruptcy Court for the District of Rhode Island

on September 20, 2010.  As of the filing of the status report, no activity had

occurred in that bankruptcy case since June 24, 2011.  Given the prior warning in

Magistrate Judge Schroeder's order that failure to comply would lead to a

recommendation of default judgment, plaintiff suggested that the Court allow it to

move forward with default judgment proceedings.  On August 29, 2011, the Court

issued an order (Dkt. No. 17) terminating the corporate defendant pursuant to 11

U.S.C. § 362(a) and directing plaintiff to commence default proceedings against

the individual defendants within 30 days.

On October 12, 2011, plaintiff filed a motion to strike the answer as to the

individual defendants, to direct the Clerk of the Court to file an entry of default,

and to enter a default judgment in the amount of $495,736 plus interest.  "When a

party against whom a judgment for affirmative relief is sought has failed to plead

*or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default."  Fed. R. Civ. P. 55(a) (emphasis added).  "We

have embraced a broad understanding of the phrase 'otherwise defend.'"  *City of*

*N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011).  Among

other circumstances, failure to obey a court order to obtain counsel to allow a

case to proceed can constitute a failure to defend.  *Cf. Shapiro, Bernstein & Co.*

3

*v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("[W]e note that for eight months prior to the motion and for well over a year prior to the decision below, defendant was under an order of the district court to appoint counsel so that this case could proceed to trial.  Without question, such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'"); *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123–24 (E.D.N.Y. 2011) (granting default judgment where "both the corporate and individual Defendants ignored this Court's order to seek substitute counsel by a given date and subsequently did not respond to the Court's Order to Show Cause.  Furthermore, Defendants' counsel withdrew in part due to the clients' failure to communicate regarding this case.  This repeated conduct shows a willful and deliberate disregard for this Court's orders, which militates in favor of a default judgment.") (citations omitted).  Here, the individual defendants have made apparent through their long inactivity in this case that they no longer wish to pursue any defenses to plaintiff's allegations.  Also, the individual defendants have been on notice about the consequences of failing to obtain new counsel and to resume a defense of this case, as Magistrate Judge Schroeder ordered. Leaving the case open indefinitely at this point would serve no purpose.  The Court accordingly strikes the individual defendants' answer and directs the Clerk of the Court to file an entry of default.

Next, the Court will consider the request for default judgment.  "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.  And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  Because the Court has stricken the individual defendants' answer, all allegations in the complaint are now deemed admitted.  Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).  Under Fed. R. Civ. P. 55(b)(2), the Court may conduct a hearing to determine damages but is not required to do so if plaintiff has provided sufficient documentation of the damages claimed in the complaint.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (affirming a default judgment and holding that "it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment").  Here, plaintiff has submitted with the pending motion documentary evidence of the $495,736 sought in the complaint.  (*See generally* Dkt. No. 18-5.)  The documentation consists of copies of the checks that plaintiff paid under the contract in question that added up to $495,736.  With this information and the contract that was entered into the docket

5

previously, the Court finds that plaintiff has justified the amount claimed in the complaint and that a hearing would not elicit any more useful information.  The Court accordingly grants the motion for default judgment.

## CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion (Dkt. No. 18).  The answer is hereby stricken as to individual defendants Lawrence Majewski and Shannon Majewski.  The Clerk of the Court shall file an entry of default accordingly.  The Clerk of the Court thereafter shall enter default judgment against individual defendants Lawrence Majewski and Shannon Majewski in the amount of $582,287.94, representing the claimed damages of $495,736 plus pre-judgment interest running from November 12, 2009 at 9% simple interest, pursuant to N.Y. CPLR 5004.[1]  Plaintiff also is awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a).

SO ORDERED.

s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 21, 2011

---

[1] By the Court's calculation, 708 days elapsed between the filing of the complaint on November 12, 2009 and the date of entry of this Decision and Order.  *See Matusick v. Erie County Water Auth.*, 774 F. Supp. 2d 514, 529–30 (W.D.N.Y. 2011) (Arcara, *J.*) (calculating pre-judgment interest by daily period).